UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division


JTH TAX, INC. d/b/a
LIBERTY TAX SERVICE,
        Plaintiff,

v.
                                         ACTION NO. 2:10cv578

JENNIFER STOCKER,
        Defendant.


## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This action was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure, as well as Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia, by order of reference dated March 22, 2011.

This case was referred for a report and recommendation on Defendant's Motion to Vacate Default Judgment (ECF No. 19), and Motion to Stay Execution of Default Judgment (ECF No. 20),[1] and Plaintiff's Motion for Order to Show Cause Why Defendant Should Not be

---

[1] Defendant filed unsigned supplemental Motions to Vacate Default Judgment (ECF No. 26), and to Stay Execution of Default Judgment (ECF No. 27). Defendant was ordered to correct the defect and resubmit documents to the Court. Defendant never resubmitted the documents. The supplemental documents are substantially similar to the original motions, so this Court will proceed on the original motions.

Held in Civil Contempt (ECF No. 24). For the reasons stated herein, the Court recommends that Defendant's Motion to Vacate Default Judgment be GRANTED. Granting Plaintiff's Motion to Vacate will render the Motion to Stay Execution of Default Judgment and Plaintiff's Motion for Order to Show Cause moot, and therefore these motions need not be addressed at this time.

## I. FACTUAL AND PROCEDURAL HISTORY

On December 16, 2004, Defendant entered into a five year Franchise Agreement with Liberty Tax Service for the territory in Ohio identified by Liberty as OH031. The Agreement signed by both parties contained a non-compete and non-solicit clause that would prevent a former franchisee from operating tax services or soliciting former Liberty customers for two years within a twenty-five mile radius. Decl. of Robert Oliver, Custodian of Franchise Files for JTH Tax, Inc., ECF No. 6-1. Defendant's written agreement expired December 16, 2009, and she did not sign a new agreement, but continued to operate the Liberty Tax franchise until September 2010. Defendant abandoned her franchise, and opened her own business, "Ohio Tax Lady." On November 22, 2010, Plaintiff filed a Complaint in this Court against the Defendant, alleging breach of franchise agreement, breach of lease, and trademark infringement. On December 23, 2010, a copy of the original summons was returned executed, with a date of December 10, 2010 as the date of execution. ECF No 10. After Defendant did not respond to the summons, a Motion for Default Judgment by the Plaintiff was filed on January 17, 2011 (ECF No. 12), default was entered by the Clerk on January 28, 2011 (ECF No. 17), and an Order for Default Judgment was entered by the Court on February 4, 2011. ECF No. 18. The Order for Default Judgment awarded Plaintiff $179, 930.88, the amount demonstrated to be the past due receivables owed to Liberty, and granted a permanent injunction for two years prohibiting

Defendant from competing and soliciting business from former Liberty customers.

On February 14, 2011, Defendant filed two motions, her first appearance in this Court; Motion to Vacate Default Judgment (ECF No. 19), and Motion to Stay Execution of Default Judgment (ECF No. 20). Plaintiff filed a Motion for Order to Show Cause Why Defendant Should Not be Held in Civil Contempt (ECF No. 24) on March 1, 2011. On March 7, 2011, Plaintiff filed oppositions to Defendant's motions. ECF Nos. 28 & 29. All three motions were referred to the undersigned and a hearing was held on April 18, 2011. Defendant appeared at the hearing, gave testimony, and presented a witness and evidence that she had never received the Complaint, and had no notice of the Complaint prior to the entry of the Default Judgment Order. After considering the above evidence, and for the reasons stated below, this Court recommends that the Motion to Vacate Default Judgment be granted.

## II. STANDARD OF REVIEW

Defendant did not request relief under Rule 60(b)(1), but as a pro se party, the Court shall construe her Motion to Vacate liberally as a Motion to Vacate Judgment under Rule 60(b)(1). Federal Rule of Civil Procedure 60(b)(1) provides relief from a judgment or order for "(1) mistake, inadvertence, surprise, or excusable neglect . . . ." A motion under this rule may be made within no more than "a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). The motion "does not have the effect of altering the judgment's finality, or suspend its operation," but permits the Court to exercise its discretion and provide relief from judgments. Id. (c)(2). The application of Rule 60(b) is guided by equitable principles and is subject to a balancing of the competing interests of finality in judgments and the policy favoring a decision of a litigant's claims on the merits. See In re Casco Chem. Co., 335

F.2d 645, 651 (5th Cir. 1964) ("Of course a rule 60(b) proceeding by motion . . . calls for a delicate adjustment between the desirability of finality and the prevention of injustice."); 11 Wright & Miller, Federal Practice and Procedure § 2857 at 256-57 (2d ed. 1995). Where a case has been decided through a default judgment and no intervening rights have attached in reliance upon the judgment, courts have been inclined to liberally grant motions to vacate the judgment order. See, e.g., Klapprott v. United States, 335 U.S. 601, 615-16 (1949) (favoring motions to vacate judgments where there has been no decision on the merits); Point PCS, LLC v. Sea Haven Realty & Constr., 95 Fed. Appx. 24, 27 (4th Cir. 2004) ("'[O]ver the years this court has taken an increasingly liberal view of Rule 60(b)' where default judgments are at issue." (citing Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 810 (4th Cir. 1988))). If there is doubt in deciding whether to grant a motion to vacate a default judgment, "giving relief must be resolved in the movant's favor where the movant bears no personal responsibility for the error which led to the default." Augusta, 843 F.2d at 811.

The Fourth Circuit has formulated a three-part threshold test for Rule 60(b) motions where a movant must demonstrate that (1) the motion is timely, (2) the movant has a meritorious defense to the action, and (3) the opposing party would not be unfairly prejudiced by having the judgment set aside. Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993) (quoting Park Corp. v. Lexington Ins. Co., 812 F.2d 894, 896 (4th Cir. 1987)). Under Rule 60(b)(1), "excusable neglect" is an equitable determination. See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 394 (1993). Courts have found excusable neglect, however, where the balance of interests weighs in favor of vacating judgment and the moving party did not have actual notice of claim. See Rooks v. Am. Brass Co., 263 F.2d 166 (6th Cir. 1959) (finding excusable neglect where a complaint was served but never personally received by

the named defendant). Where judgments involve "large sums of money [they] should not be determined by default judgments if it can be reasonable avoided." Id., at 169 (citing Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 245 (3d Cir. 1951)). After considering the facts presented at the motions hearing on April 18, 2011, this Court finds that Defendant has met her burden to demonstrate the three-prong threshold test which would permit her to seek relief under Rule 60(b), and the evidence presented establishes a sufficient basis for finding excusable neglect under Rule 60(b)(1).

### III. ANALYSIS

Defendant clearly meets the first prong of the inquiry, timeliness. The Order for Default Judgment was filed on February 4, 2011, and Defendant filed her Motion to Vacate on February 14, 2011, just ten days later and well within the year required by Rule 60(c)(1). At the hearing, Defendant testified that her first notice of the action against her by the Court was the Order for Default Judgment which was printed by an attorney with whom she was consulting based on letters from Liberty Tax Service. As soon as she learned of this information, she filed her Motion to Vacate and Motion to Stay Execution of Default Judgment. The speed with which Defendant filed her responses clearly meets the first prong of the test. See Augusta Fiberglass, 843 F.2d at 812 (finding that filing a motion for relief within two weeks of the entry of a default judgment was prompt and sufficient to satisfy the first prong of the test set forth by the Fourth Circuit).

To demonstrate a meritorious defense, the movant must only demonstrate that "which would permit a finding for the defaulting party or which would establish a valid counterclaim." Id.; see also Cent. Operating Co. v. Utility Workers of Am., 491 F.2d 245, 252 n.8 (4th Cir.

5

1974).  Defendant alleged several defenses during the hearing, namely that she did not have a contract with Plaintiff at when she allegedly breached the non-compete agreement, and that Defendant was under duress when she was forced to enter into the original franchise agreement with Plaintiff. Each statement constitutes a possible affirmative defense to the substantive claims raised by the Plaintiff. See Fransmart, LLC v. Freshii Dev., LLC, 2011 U.S. Dist. LEXIS 20606, at *11-12 (E.D. Va. Mar. 1, 2011). Plaintiff stated during the hearing that she had two contracts with Liberty as a franchisee; the second contract ending in December 2009.  The exhibits presented by the Plaintiff affirm this statement.   Decl. of Robert Oliver, Custodian of Franchise Files for JTH Tax, Inc., ECF No. 6-1. By both parties' concessions, Defendant continued to operate and hold itself over as a franchisee of Liberty Tax until September 2010.  Without more facts, it is impossible to state that Defendant could not prevail in demonstrating that the course of performance changed after the contract had expired, or resulted in a lack of mutuality or specificity.   Additionally, duress, or fraudulent inducement to contract, is a recognized affirmative defense in Virginia, and would provide Defendant with at least partial relief should she be able to prove the required elements in trial. See Brame v. Guarantee Fin. Co., 139 Va. 394 (1924).  Again, without the benefit of discovery, it is impossible to state that Defendant's defense of duress could not prevail.

The last prong, prejudice to the Plaintiff, is of "lesser importance."  Nat'l Credit Union Admin Bd., 1 F.3d at 265; see also Compton v. Alton Steamship Co., 608 F.2d 96, 102 (4th Cir. 1979) ("The court should in every case give some, though not controlling, consideration to the question whether the party in whose favor the judgment has been entered will be unfairly prejudiced by the vacation of his judgment.").  Liberty alleges that they would be prejudiced by having to "start over from scratch." Opp'n to Mot. to Vacate J. at 4, ECF No. 23.  This claimed

prejudice by Liberty is present where any judgment is vacated, and is "not the type of prejudice contemplated by the rule." See Werner v. Carbo, 731 F.2d 204, 207 (4th Cir. 1984) (finding that plaintiff suffered no prejudice where they alleged protracted proceedings, time and expense of trial, and loss of judgment interest). Liberty also alleges that Defendant would continue to operate her tax business in direct competition with Liberty, and further damage their name and reputation. Opp'n at 4-5. These, however, are facts that must be proved in litigation, and the Court sees no additional prejudice to Liberty by requiring them to prove their case against the Defendant. Finally, Liberty's filings place urgency on action to prevent damage by the Defendant during the tax season, when the Defendant was apparently causing the most harm to Liberty. Tax season is now over, and the urgency to settle this matter now seems at an end.

Once the Defendant has met the threshold showing that she is eligible for Rule 60(b) relief, she must now demonstrate that she meets one of the six grounds in Rule 60(b) which would entitle her to relief. See Nat'l Credit Union Admin. Bd., 1 F.3d at 266. The Court believes that she has alleged sufficient facts to qualify as "excusable neglect" under Rule 60(b)(1). The Defendant stated repeatedly under oath, and after receiving an advisement from the Court of the penalties for perjury, that she never received notice of the action against her. Defendant testified that her office was closed on December 10, 2010, the date of the alleged service of process. She testified as to her activities around town with her friend, and witness, Gail Bolinsky. She presented the Court with receipts from two stores, each with time stamps from the afternoon of December 10. Defendant called to testify Bolinsky who had been with her for most of the day and Ms. Bolinsky testified under oath that the Defendant was never served, never approached, and never handed anything by anyone on December 10. This testimony is in conflict with the filed original summons and affidavit of the Process Server hired in Ohio by

7

Liberty. ECF No. 10. In the Proof of Service, the server checked that he personally served the individual at her office address in Newton Falls, Ohio on December 10, 2010. There is no time on the service, nor is there any further information concerning specifics of the service. Liberty did not present the Process Server to testify at the motions hearing.

Defendant does admit to receiving several letters from Liberty Tax Service purportedly discussing the litigation. Defendant testified, however, that she never received documents from the Court, and believed Liberty's letters were an attempt to harass and bully her into abandoning her livelihood. She did not believe them to relate to any actual court action.

In the face of the testimony presented at the motions hearing, the Court finds that the balance of the interests of finality of judgment and deciding cases on the merits tips in favor of vacating the judgment and deciding the matter on the underlying substance of the claims. A party cannot be held accountable for an action when they have never received notice of its proceedings. Defendant's case is distinguishable from the cases cited by Plaintiff because she testified under oath that she had never received service of process, her employees never received service (as her business was closed on the date of alleged service), no one had approached her regarding a court action, and she presented receipts and a witness confirming her testimony. Liberty did file a returned Proof of Service with the Court, but was unable to present more specific facts of service or the testimony of the process server to rebut Defendant's statements on the stand. Cf. Jae-Young Lee v. Tae Shin, 231 Fed. Appx. 225, 226 (4th Cir. 2007) (finding that *after being served* the defendant had failed to respond did not constitute excusable neglect); Park Corp., 812 F.2d at 897 (finding that losing summons *after being served* did not constitute excusable neglect). Defendant, or her agents or employees, never received service and should not, therefore, be held accountable under this action without a full litigation on the merits.

## IV. RECOMMENDATION

Based on the foregoing, the Court recommends that the Defendant's Motion to Vacate Default Judgment (ECF No. 19) be GRANTED, and the Order for Default Judgment (ECF No. 18) be VACATED, and the action be reinstated for a trial on the merits of the underlying charges. It is further recommended that Plaintiff's Motion to Show Cause (ECF No. 24) be DENIED as moot, and Defendant's Motion to Stay Execution of Judgment (ECF No. 20) be DENIED as moot.

## V. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this second amended report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. If any objections are based on the testimony or argument at the April 18, 2011 motions hearing, the objecting pary must order a copy of the transcript of the hearing from Official Court Reporter, Jody Stewart, for review by the District Judge.

2. A district judge shall make a *de novo* determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984), cert. denied, 474 U.S. 1019 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

_____/s/_____

Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia
April 29, 2011

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to each of the following:

Sada Louise Sheldon
Liberty Tax Service
1716 Corporate Landing Pkwy
Virginia Beach, Virginia 23454
Counsel for Plaintiff


Jennifer Stocker
9107 Horn Road
Windham, Ohio 44288
Pro Se

Fernando Galindo, Clerk

By _/s/ T.S. Whitted_____
Deputy Clerk
April 29, 2011